25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Maurice B. MOORE, Plaintiff-Appellant,
v.
UNITED STATES BUREAU OF PRISONS, Defendant-Appellee.
 No. 94-3046.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 BRORBY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Moore, a federal inmate and pro se litigant, appeals the dismissal of his complaint, which was based on the Federal Tort Claims Act. We grant Mr. Moore permission to appeal in forma pauperis, reverse and remand.
 
 
 3
 Mr. Moore commenced his action in 1989 seeking damages for the negligence of prison officials. The gist of the complaint was that a prison official inadvertently threw Mr. Moore's personal possessions away, along with those of another inmate. Mr. Moore asserted he lost an airfreight envelope containing a watch worth $479 and two pounds of legal materials worth $24,000.
 
 
 4
 In 1989, the Bureau responded with a motion to dismiss arguing first, Mr. Moore was jurisdictionally barred for failing to timely appeal his FTCA administrative claim, and second, Mr. Moore's complaint failed to state a claim upon which relief could be granted. In 1991, the district court adopted the Bureau's first argument and dismissed the complaint as untimely. In 1992, we reversed and remanded.
 
 
 5
 Mr. Moore then moved for summary judgment and the Bureau responded with a motion to strike Mr. Moore's summary judgment motion because of failure to comply with D. Kan. R. 206(c). Mr. Moore offered to amend his motion with the required statement of undisputed facts and with several attachments and affidavits. The district court did not grant or deny these subsequent motions,[2] and the Bureau did not respond to Mr. Moore's amended motion for summary judgment.
 
 
 6
 Instead, in its 1993 memorandum and order, the district court apparently revived the Bureau's 1989 motion and dismissed Mr. Moore's complaint for failure "to present any evidence of negligence concerning the handling of his personal property and [failure] to show any actual loss of property." Memorandum and Order at 5. Mr. Moore timely appealed to this court.
 
 
 7
 We have enumerated three common pretrial points at which a district court may dispose of a pro se complaint: (1) "frivolous or malicious" under 28 U.S.C.1915(d); (2) failure to state a claim under Rule 12(b)(6); and (3) summary judgment under Rule 56(c). See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir.1992). Because the Bureau and the district court relied on materials outside the pleadings, we treat the motion to dismiss as a motion for summary judgment requiring compliance with Rule 56. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Noncompliance with the provisions of Rule 56 deprives the court of authority to grant summary judgment. Id. at 1111.
 
 
 8
 Initially, the record fails to show whether Mr. Moore was expressly given notice and an opportunity to respond to the district court's most recent consideration of the 1989 motion. The record does contain Mr. Moore's 1989 opposition to the Bureau's motion. We also assume, in arguing, Mr. Moore's 1992 amended motion for summary judgment contains what would have been the thrust of his current response. These opposing attachments and affidavits create a material factual dispute.
 
 
 9
 Here, a series of property inventory forms show Mr. Moore had a watch and personal papers at the time of his initial federal processing on Jan. 25, 1988; he had two boxes of personal items but was not wearing a watch when he left Stark County Jail on Apr. 13, 1988; and a blank inventory form does not show any property in his possession upon arrival at FCI Milan on the same day. A United States Marshal's statements are recounted in a report, presumably from the Bureau's investigation of the FTCA complaint, stating the only property delivered with Mr. Moore to FCI Milan were legal papers in a separate envelope.
 
 
 10
 Material factual disputes must be based on affidavits setting forth personal knowledge and/or other facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient. Id. (citing Rule 56(e)).
 
 
 11
 The validity and admissibility of each of these documents has not been determined. On their face, however, Mr. Moore is entitled to an inference that his papers and watch were lost between January 25, 1988 and April 13, 1988, perhaps in the manner he suggests. As the owner of the property, Mr. Moore is allowed to place an initial estimation on their value. The Bureau has yet to assist the district court with sufficient evidence to disprove Mr. Moore's theory, and if they are unable upon remand, this case will be best served by a narrowly defined trial where such evidentiary matters can be resolved.
 
 
 12
 We therefore REVERSE the judgment of the district court. We REMAND for such other and further proceedings as may be just and proper.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In its ruling, however, the district court relied on one attachment to Mr. Moore's amended motion for summary judgment. Memo. & Order at 5 (referring to "Doc. 71, Ex. B"). Therefore, for purposes of this appeal, we assume Mr. Moore's motion to amend was granted. On remand, the Bureau should be given the opportunity to respond to Mr. Moore's amended motion for summary judgment